{¶ 75} I write separately, since I do not agree with the majority's conclusion, regarding appellant's first through third assignments of error, that we review any sentence within the statutory range, R.C.2929.14(A), for abuse of discretion. Pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, we review direct challenges to more-than-minimum, maximum, or consecutive sentences under this standard. Id. at paragraph seven of the syllabus.
 {¶ 76} However, it seems that the appellate statute, R.C.2953.08(G)(2), retains its vitality regarding unsevered portions of the sentencing statutes. Cf. Foster at ¶ 99. Consequently, when a challenge is made (for instance) to a sentence under R.C. 2929.11(B), regarding its proportionality, we must first consider, as a matter of law, whether the correct sentencing guidelines have been applied. We should then apply a de novo review, and the clear and convincing standard set forth at R.C. 2953.08(G)(2), *Page 20 
to relevant matters in the record — even if the allegedly unproportional sentence is within the statutory parameters.
 {¶ 77} In this case, appellant is correct in his first and second assignments of error, that an abuse of discretion standard should not apply to our review, insofar as he challenges the trial court's application of the seriousness and recidivism factors, R.C. 2929.12, and proportionality, R.C. 2929.11(B). However, nothing in the record indicates error by the trial court regarding these issues.
 {¶ 78} Consequently, I concur in judgment only, regarding disposition of the first two assignments of error, but concur with the majority regarding disposition of the remainder. *Page 1